■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LESSER, Appellant. [594 NYS2d 222] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), rendered April 11, 1991, convicting defendant, after a jury trial, of one count of sexual abuse in the first degree and one count of endangering the welfare of a child, and sentencing him to five years probation, unanimously affirmed.

Defendant claims that his statements should have been suppressed because he was led to believe by the interrogating

detective that he was not entitled to have an attorney present during questioning. This claim is unpreserved for appellate review since defense counsel abandoned it at the close of the suppression hearing. In any event, were we to review the claim, we would find it to be without merit. The record reveals that after defendant was given his *Miranda* warnings, he asked the detective present when he could see an attorney. The detective stated that he would see an attorney when he got to court and then asked if defendant "still want[ed] to answer questions." Defendant agreed. Defendant then asked how long it would be until he saw an attorney. The detective responded "about three or four hours." Defendant then made the statements which were admitted at trial. Rather than signalling confusion or misunderstanding of his rights as a result of the detective's response to his inquiry, defendant merely indicated his practical concern to find out when counsel would be available. Further, since defendant answered affirmatively when the officer asked him if he "still" wanted to answer her questions, he evinced his willingness to be questioned without benefit of counsel, and thus knowingly and intelligently waived his rights *(California v Prysock,* 453 US 355).

We have reviewed defendant's other claims and find them to be without merit. Concur—Murphy, P. J., Carro, Rosenberger and Ross, JJ.